IN THE SUPREME COURT OF THE STATE OF DELAWARE

RALPH H. HAWKINS, §
§ No. 322, 2016
Defendant Below, §
Appellant, § Court Below—Superior Court
§ of the State of Delaware
v. §
§ Cr. ID No. 0309015988
STATE OF DELAWARE, §
§
Plaintiff Below, §
Appellee. §

Submitted: July 19, 2016
Decided: September 22, 2016

Before **STRINE**, Chief Justice; **HOLLAND** and **SEITZ**, Justices.

**O R D E R**

This 22nd day of September 2016, the Court has considered the appellant's opening brief and the State's motion to affirm in this appeal filed by the appellant, Ralph H. Hawkins, from the denial of a motion he brought under Superior Court Criminal Rule 35(a). In a well-reasoned order, the Superior Court addressed the grounds for Hawkins' motion and properly found that they were without merit for several reasons, including that his challenge to the indictment in his case was waived by his valid guilty plea, and that a Rule 35(a) motion cannot be used to re-litigate issues previously adjudicated. We affirm on the basis of the Superior Court's decision of May 27, 2016, and we decline to consider for the first time on appeal arguments that Hawkins failed to make to the Superior Court, both because

it could not have been plain error[1] for the Superior Court to fail to consider arguments not properly presented in a Rule 35(a) motion,[2] and because Hawkins does not even fairly present those arguments to us.[3]

NOW, THEREFORE, IT IS ORDERED that the motion to affirm is GRANTED. The judgment of the Superior Court is AFFIRMED.

BY THE COURT:

/s/ Leo E. Strine, Jr.
Chief Justice

---

[1] *Wainwright v. State*, 504 A.2d 1096, 1100 (Del. 1986) (noting that the Supreme Court generally will decline to review claims on appeal that were not presented to the trial court in the first instance unless the error is plain).

[2] The narrow function of Rule 35(a) is to correct an illegal sentence, "not to re-examine errors occurring at the trial or other proceedings prior to the imposition of sentence." *Brittingham v. State*, 705 A.2d 577, 578 (Del. 1998) (quoting *Hill v. United States*, 368 U.S. 424, 430 (1962)).

[3] By way of example, parroting our decision in *Brittingham v. State*, which the Superior Court quoted in its decision, Hawkins contends on appeal that his double jeopardy rights were violated, but without any explanation at all of why that is the case.